# Matter of I-U-V, Respondent

*Decided by Board June 1, 2026[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) Harm or injury suffered while a respondent is a minor does not necessarily constitute persecution, but instead it is necessary to consider the respondent's age and the cumulative nature of the harm, including the severity, frequency, context, and circumstances.

(2) A withholding of removal claim based on an assertion that there is a pattern or practice of persecution against a protected group still requires an objective showing of a clear probability of persecution and does not have a subjective component.

FOR THE RESPONDENT: Pro se

FOR THE DEPARTMENT OF HOMELAND SECURITY: Kieone H. Cochran, Assistant Chief Counsel

BEFORE: Board Panel: HUNSUCKER and CHABAN, Appellate Immigration Judges; PICOS, Temporary Appellate Immigration Judge.

HUNSUCKER, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") has appealed the Immigration Judge's decision dated April 25, 2025, that granted the respondent's application for withholding of removal under section 241(b)(3)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(b)(3)(A) (2024).[2] The appeal will be sustained, and the record remanded for further proceedings.

---

[1] Pursuant to Order No. 7080-2026, dated July 29, 2026, the Acting Attorney General designated the Board's decision in *Matter of I-U-V-* (BIA June 1, 2026), as precedent in all proceedings involving the same issue or issues. *See* 8 C.F.R. § 1003.1(g)(3) (2026). Editorial changes have been made consistent with the designation of the case as a precedent.

[2] Neither party has appealed the Immigration Judge's decision denying the respondent's application for asylum under section 208(b)(1)(A) of the INA, 8 U.S.C. § 1158(b)(1)(A) (2024). Accordingly, this issue is waived on appeal. *See Matter of O-R-E-*, 28 I&N Dec. 330, 336 n.5 (BIA 2021) (stating that issues not meaningfully developed on appeal may be deemed waived).

The Immigration Judge granted the respondent withholding of removal under the INA, finding that the respondent credibly and sufficiently established that the harm he experienced in Russia, although not severe, rose to the level of persecution when viewed "from the lens of a minor."  The Immigration Judge further found that the presumption of a clear probability of future persecution has not been rebutted by DHS.

We acknowledge the premise, recognized by several circuit courts, that an applicant's young age is a factor to be considered in determining whether the applicant's alleged experience in the country of removal rose to the level of persecution.  *See, e.g.*, *Portillo Flores v. Garland*, 3 F.4th 615, 628–29 (4th Cir. 2021) (collecting cases from other circuits).  There is, however, no statute, regulation, or case law, that mandates deeming harm and injury suffered while a "minor" under the age of 18 to necessarily constitute persecution.  Each case must still be carefully analyzed to determine whether the cumulative harm experienced by the applicant—considering a myriad of factors such as age, severity, frequency and the circumstances and context of the harms alleged—satisfies the "extreme concept" of "persecution." *Aben v. Garland*, 113 F.4th 457, 465–66 (5th Cir. 2024), and cases cited therein.  Persecution "does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional."  *Id.* (quoting *Gjetani v. Barr*, 968 F.3d 393, 397 (5th Cir. 2020)).

The Immigration Judge legally erred in according primary and predominant consideration to the fact that the respondent was a "minor" during the period of the alleged harm and using this fact as a baseline upon which to calibrate—and abridge[3]—his persecution analysis.  The respondent, however, was 17 years old at the time of the alleged encounter with the police

---

[3]   For instance, the Immigration Judge simply concluded that "a police officer beating a minor is extreme conduct, and therefore, would qualify as persecution where it results in harm to the respondent."  The Immigration Judge also found that the respondent's decision to leave school and to move and reside in Sochi fell "within the realm" of persecution.  The Immigration Judge provided no factual and legal support for these conclusions.  The cases the Immigration Judge cited are inapposite.  *Cf., e.g.*, *Rangel v. Garland*, 100 F.4th 599, 604 (5th Cir. 2024) (finding that "[e]xtreme treatment . . . is *the* standard for establishing past persecution," and requiring more than conduct that is "unfair, unjust, or even unlawful or unconstitutional"); *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 348–49 (5th Cir. 2006) (finding that the applicant's "well-supported testimony," "the threats of violence and acts of vandalism" against the applicant by members of the FARC, and evidence that other participants of the applicant's same mission were threatened and thereafter murdered, "compelled" a finding of past persecution).  As noted by DHS, moreover, the respondent's case is distinguishable from *Ordonez-Quino v. Holder*, 760 F.3d 80, 91–92 (1st Cir. 2014), and *Portillo Flores*, cited by the Immigration Judge, as both cases involved harm of a greater degree to younger applicants and that resulted in serious and lasting injuries.

where he was hit on the head "two times," a mere 3 months before he turned 18 years old. Any calibration warranted as a result of the respondent's age in the overall analysis, in light of the limited facts found by the Immigration Judge, appears to be "slight." *See generally, e.g.*, *Hernandez-Mendez v. Garland*, 86 F.4th 482, 488 (1st Cir. 2023) (finding that "[w]hatever slight calibration' [the applicant's near-]age [of majority] may have warranted in the agency's analysis was 'insufficient to transform [his] experiences . . . from harassment to persecution'") (citing *Liu v. Ashcroft*, 380 F.3d 307, 314 (7th Cir. 2004)).

The Immigration Judge also did not include in his decision any findings and analysis as to whether the harm alleged by the respondent has a nexus to a statutorily protected ground. *See Vazquez-Guerra v. Garland*, 7 F.4th 265, 271 (5th Cir. 2021) (holding that applicants for withholding of removal under the INA must show that a protected ground was or will be "at least one central reason" for the applicant's persecution); *Revencu v. Sessions*, 895 F.3d 396, 402 (5th Cir. 2018) (reaffirming that a statutorily protected ground cannot be "incidental, tangential, superficial, or subordinate to another reason for harm," and finding that recruitment to work as a police informant, and not political opinion, was a central reason for the harm claimed (citation omitted)); *see also Matter of E-Z-*, 29 I&N Dec. 123, 125 (BIA 2025) (affirming Immigration Judge's determination that political opinion was not or will not be at least one central reason for the persecution claimed or feared where evidence showed that applicant was interrogated as part of legitimate investigation and released even though they were aware of his political opinion). Absent a showing of the requisite nexus, the respondent cannot benefit from the presumption of future persecution arising from past persecution, and the burden of proving future persecution does not shift to DHS. *See* 8 C.F.R. § 1208.16(b)(1)-(2) (2026).

We are also unable to uphold the Immigration Judge's determination, in the alternative, that the respondent established that his life or freedom would be threatened in Russia based on a pattern and practice of harming persons, like the respondent, "who oppose the regime," or the "potential danger" or "harm" because of the respondent's Bashkir race and receipt of a summons and conscription notice. General "harm" or "potential danger" do not satisfy the elements for withholding of removal under the INA, which requires the respondent to show that he faces a "clear probability of persecution" upon his return to Russia. *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004); *see* 8 C.F.R. § 1208.16(b)(2) (requiring that the applicant "establish that it is more likely than not that he or she would be persecuted" on account of a statutorily protected ground). Moreover, to the extent that the Immigration Judge relied on the respondent's credible but subjective belief, we note that

withholding of removal under the INA contains "no subjective component, but instead requires the alien to establish by objective evidence that it is more likely than not that he or she will be subject to persecution upon [removal]." *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430 (1987); *accord Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994). The Immigration Judge did not otherwise make any other findings that are supported by record evidence, or engage in meaningful legal analysis that applied the standards for withholding of removal under the INA, that would permit affirming his decision to grant the respondent this relief.

In view of the foregoing, we will remand the record to the Immigration Judge for reconsideration and reevaluation of the respondent's application for withholding of removal under the INA. The Immigration Judge on remand should also determine the respondent's eligibility for protection under the regulations implementing the Convention Against Torture ("CAT"),[4] which the Immigration Judge did not reach in his prior decision. On appeal, DHS identifies various types of evidence that the respondent could have submitted but did not. The respondent on remand should be given another opportunity to satisfy his burden to "corroborate the material elements of [his] claim where the evidence is reasonably obtainable." *Matter of L-A-C-*, 26 I&N Dec. 516, 519 (BIA 2015). Both parties on remand may supplement the record with additional arguments and evidence. The Immigration Judge should enter a new decision on the respondent's applications for withholding of removal and protection under the CAT that is supported by the requisite factual findings and legal conclusions consistent with prevailing law.

Accordingly, the following orders will be entered.

**ORDER:** DHS' appeal is sustained, and the Immigration Judge's April 25, 2025, decision granting the respondent withholding of removal under the INA is vacated.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for entry of a new decision on the applications for withholding of removal under the INA and protection under the CAT.

---

[4] The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85 (entered into force for United States Nov. 20, 1994). 8 C.F.R. §§ 1208.16(c), 1208.17 (2026); 8 C.F.R. § 1208.18(a) (2020).